```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,               :
                                        :    12 Cr. 125 (JSR)
             -v-                        :    15 Cv. 6635
                                        :
                                        :    MEMORANDUM ORDER
DOUG WHITMAN,                           :
                                        :
             Defendant.                 :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    On August 20, 2012, following a three-week trial, petitioner Doug Whitman was convicted by a jury of two counts of conspiracy to commit securities fraud and two counts of substantive securities fraud. In so doing, the jury found that Whitman, a second-level tippee, traded and conspired to trade on material non-public information that he received from two direct tippees of insiders at three publicly traded companies -- insiders who, Whitman knew, received or expected to receive personal benefits in return. On January 24, 2013, the Court sentenced Whitman to 24 months' imprisonment and one year of supervised release. See Judgment in a Criminal Case, 12-cr-125, ECF No. 122. The Second Circuit affirmed Whitman's conviction on direct appeal. See United States v. Whitman, 555 F. App'x 98 (2d Cir. 2014).

    On March 25, 2015, Whitman moved for habeas relief under 28 U.S.C. § 2255 on the ground that the Court's jury instruction on the "personal benefit" element of an insider trading violation was erroneous in light of the Second

Circuit's subsequent decision in *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014). The Court, in a July 22, 2015 Memorandum Order, denied Whitman's habeas petition, reasoning that Whitman had failed to raise this issue during his direct appeal and that he had not established cause for his procedural default. *See* Memorandum Order, 12-cr-125, ECF No. 189. On August 5, 2015, the Court denied Whitman's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). *See* Order, 12-cr-125, ECF No. 190. Whitman subsequently moved in the Court of Appeals for a certificate of appealability and that motion was granted by order dated December 8, 2015. *See Whitman v. United States*, 15-2686 (2d Cir.), ECF No. 32.

Now before the Court is Whitman's motion for release pending resolution of his § 2255 petition from the "half-way house" where he is serving the conclusion of his sentence. The Government opposes. While the Court is not unsympathetic to Whitman's request, it is quite clear that he does not meet the requirements for such release, so that granting him such relief would inequitably prefer him to others similarly situated.

The Court has the "inherent power to release on bail a habeas petitioner who challenges his detention after a criminal conviction," but "[t]he standard . . . is a difficult one to meet": "The petitioner must demonstrate that the habeas

2

petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 223, 226 (2d Cir. 2001). Whitman contends, without citation to any pertinent authority, that "[t]he standard for obtaining such relief is related to the § 3143 [statutory] standard" for bail pending direct appeal. Pet'r's Br. at 2, 12-cr-125, ECF No. 193. But as this Court and others in this District have held, "the standard for release on bail under 28 U.S.C. § 2255 is even higher than under 18 U.S.C. § 3143(b)," requiring "a demonstrated likelihood that the petition will prevail, based upon claims of a substantial nature upon which the petitioner has a high probability of success . . . so that victory for petitioner can be predicted with confidence." *United States v. Yarmoluk*, 1997 WL 642564, at *1 (S.D.N.Y. Oct. 17, 1997) (internal quotation marks omitted); *Beras v. United States*, 2012 WL 2148986, at *1 (S.D.N.Y. June 12, 2012) ("Judges in this district have ruled that this high hurdle requires that the petitioner show a 'demonstrated likelihood the petition will prevail' such that the petitioner has a 'high probability of success.'"); *Harris v. United States*, 1997 WL 272398, at *1 (S.D.N.Y. May 21, 1997) ("The plain wording of 18 U.S.C. § 3143

3

shows that it does not apply to motions for bail during the pendency of a § 2255 habeas corpus petition.").

Whitman argues that by virtue of the Court of Appeals' having granted his motion for a certificate of appealability, the Court of Appeals has necessarily found that Whitman has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate" the merits of his habeas petition. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("[A] substantial showing of the denial of a right . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks omitted)).

But as the above-quoted words indicate, the issuance of a certificate of appealability is not tantamount to a showing that "the petitioner has a high probability of success" on appeal, which is the relevant standard for present purposes. *Yarmoluk*, 1997 WL 642564, at *1. Whitman has presented nothing to change this Court's view -- explained in its July 22, 2015 Memorandum Order -- that Whitman procedurally defaulted his argument that the Court's jury instruction was effectively

4

invalidated by *Newman*. And Whitman does not even address the merits of his alternative ground for his § 2255 petition –– *viz.*, that his highly regarded prior appellate counsel provided Whitman with constitutionally defective assistance of counsel by failing to challenge the Court's "personal benefit" instruction on appeal. The Court finds that claim as absurd today as it did when it rejected it in its July 22 Memorandum Order. As such, Whitman has failed to meet his burden of demonstrating a "likelihood that the petition will prevail, based upon claims of a substantial nature upon which the petitioner has a high probability of success . . . so that victory for petitioner can be predicted with confidence." *Id.* That alone is a sufficient basis on which to deny the instant motion.[1]

Independently, moreover, the motion must also be denied for failure to present the "extraordinary circumstances" that a

---

[1] Whitman points to the fact that the Second Circuit recently granted an emergency motion for release pending an appellant's direct appeal that arguably raised similar issues under *Newman*. *See United States v. Riley*, 15-1541 (2d Cir.), ECF No. 34. But in light of its very different procedural posture, *Riley* is inapposite. As noted, "the standard for release on bail under 28 U.S.C. § 2255 is even higher than under 18 U.S.C. § 3143(b)" for release pending direct appeal. *Yarmoluk*, 1997 WL 642564, at *1. While § 3143(b) requires a finding that an appeal "raises a substantial question of law or fact likely to result in" relief for the defendant, a motion for release pending the outcome of a habeas petition requires the demonstration of a "high probability of success." *Beras*, 2012 WL 2148986, at *1.

petitioner seeking such exceptional relief is required to show. Whitman first argues that this case is highly unusual because a certificate of appealability has issued. But that wrongly conflates the "extraordinary circumstances" prong of the analysis with the "substantial claims" prong of the analysis. In any case, as explained above, the issuance of a certificate of appealability does not suffice to warrant release in this case.

Next Whitman asserts that this case is extraordinary because he has only several months left on his sentence, such that his incarceration will almost certainly have concluded by the time his appeal has been resolved.[2] Whitman contends that release is thus "necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 226. This argument proves too much, however, for, if accepted, "every prisoner nearing the end of a term could bring a successful bail motion in connection with a habeas petition." *Jackson v. Bennett*, 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002) (internal quotation marks omitted) (rejecting a substantially similar argument made by a similarly situated petitioner). This Court agrees with those courts that have determined that nearing the end of a

---

[2] Whitman's projected release date from the half-way house in which he is currently confined is May 29, 2016.

6

prison term does not qualify as an "extraordinary circumstance" for purposes of this analysis. *See id.*; *Harris*, 1997 WL 272398, at *1 ("The fact that Harris's post-petition incarceration will have been without just basis if his petition eventually succeeds does not constitute an extraordinary[] circumstance entitling him to bail."). Nor will Whitman's appeal have been for naught in the event that he prevails on appeal after he finishes serving his sentence, as the vacatur of his conviction -- were it to come to pass -- will almost certainly have favorable collateral consequences for the petitioner.

Finally, Whitman contends that this case presents unusual circumstances warranting release because certain of his family members are "experiencing great difficulty in their lives" and "would benefit from his release from the half-way house while his appeal is pending." Pet'r's Br. at 7. While the Court has reviewed the submission filed under seal by defense counsel and assumes its representations to be true (notwithstanding their double-hearsay nature), the circumstances described in the submission are not unusual for someone who is incarcerated and are not sufficiently extraordinary to justify release pending the outcome of Whitman's habeas petition.

Accordingly, for the foregoing reasons, the Court hereby denies Whitman's motion. The Clerk of the Court is directed to

7

close the motion at docket number 193 of the criminal docket captioned above.

SO ORDERED.

Dated: New York, New York
December 30, 2015

_____
JED S. RAKOFF, U.S.D.J.