**MANDATE**

N.Y.S.D. Case #
15-cv-6635(JSR)

15-2686-pr
Whitman v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand sixteen.

PRESENT: JON O. NEWMAN,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan 02 2019

-----------------------------------------------------------------------
DOUG WHITMAN, AKA SEALED DEFENDANT 1,
*Petitioner*,

v.

No. 15-2686-pr

UNITED STATES OF AMERICA
*Respondent.*[1]

-----------------------------------------------------------------------

[1] The Clerk of Court is respectfully directed to amend the official caption as listed above.

1

**MANDATE ISSUED ON 01/02/2019**

| FOR PETITIONER: | DENNIS P. RIORDAN, Riordan & Horgan, San Francisco, California (Theodore Sampsell-Jones, Sampsell-Jones Law, Alexandra A.E. Shapiro, Shapiro Arato LLP, *on the brief*). |
|---|---|
| FOR RESPONDENT: | SARAH EDDY MCCALLUM, Assistant United States Attorney (Margaret Garnett *on the brief*). |

Appeal from a July 22, 2015, judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Doug Whitman appeals from the denial of his petition to vacate a prior conviction under 28 U.S.C. § 2255. He asserts that our decisions in *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), and *United States v. Martoma*, 894 F.3d 64 (2d Cir. 2018), establish a new rule of law that renders incorrect a jury instruction given at his trial. We begin with a summary of prior proceedings to explain our decision, but otherwise assume the parties' familiarity with the facts and the record. For the reasons stated below, we affirm the district court's judgment.

I. Background

On August 20, 2012, Whitman was convicted by a jury of two counts of conspiracy to commit securities fraud under 18 U.S.C. § 371 and two counts of securities fraud under 15 U.S.C. §§ 78j(b) and 78ff for his role as a tippee in an insider trading scheme. Whitman appealed his conviction, challenging "the district court's evidentiary rulings and jury instructions," but, importantly, not the court's instruction defining "personal benefit," as he had done before the trial court. *United States v. Whitman*, 555 F. App'x 98, 101-07 (2d Cir. 2014). We affirmed the district court. *Id.*

After deciding Whitman's direct appeal, we decided *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), which narrowed the definition of "personal benefit" trial courts should use to instruct juries in insider trading cases involving tippees, such as Whitman.

On March 25, 2015, Whitman filed a motion under 28 U.S.C. § 2255, claiming that the holding announced in *Newman* entitled him to a new trial because it rendered the jury instruction in his trial in error. The district court denied his motion. *United States v. Whitman*, 115 F. Supp. 3d 439, 446 (S.D.N.Y. 2015). The court explained that Whitman's claim was procedurally defaulted because he had not raised it on direct appeal, and therefore Whitman had to show cause and prejudice to maintain his challenge. *Id.* at 443. Because Whitman had not shown his challenge was "so novel that its legal basis [was] not reasonably available to counsel" at the time of the procedural default—"indeed he advanced the[] argument[] . . . during trial before abandoning [it] on appeal"—the court held that he had failed to show sufficient cause to excuse his default. *Id.* (internal quotation marks omitted).

After the district court denied Whitman a certificate of appealability, we granted him a certificate on the following questions: (1) "whether the instruction defining 'personal benefit' at [Whitman's] trial was erroneous under *United States v. Newman*, and whether [as a result] [Whitman']s right to have a jury find each element of the offense was denied thereby; (2) whether the defendant's prior counsel's failure to raise this issue on direct appeal was justified or excused by cause; and (3) whether the defendant's prior counsel's failure to raise this issue on direct appeal constituted ineffective assistance of counsel." ECF Nos. 6, 32.

While Whitman's appeal of the denial of his § 2255 petition was pending, our decision in *Newman* was abrogated by *Salman v. United States*, 137 S. Ct. 420 (2016), but, both parties agree, our subsequent amended decision in *United States v. Martoma*, 894 F.3d 64 (2d Cir. 2018), has sufficiently altered the definition of "personal benefit" to render Whitman's jury instruction unlawful if it were given today. We thus treat Whitman's appeal of his § 2255 denial as if it had relied on the new rule announced in *Martoma*.

We review conclusions of law in a district court's denial of habeas relief under 28 U.S.C. § 2255 *de novo*. *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012). For the reasons set forth below, we affirm the district court's decision.

I.   Procedural Default

On appeal, Whitman renews his argument that subsequent legal developments have rendered his jury instruction on personal benefit in error. Nevertheless, Whitman concedes that his "[f]ailure to adequately" raise his jury instruction challenge on direct appeal "is classified as procedural default," *Bloomer v. United States*, 162 F.3d 187, 191 (2d Cir. 1998), and he is thus barred from raising it here unless he "can . . . demonstrate . . . cause

3

and actual prejudice," *Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015) (per curiam) (internal quotation marks omitted).[2]

To demonstrate cause, a defendant must show "that some objective factor external to the defense," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), such as a claim that "is so novel that its legal basis [was] not reasonably available to counsel" kept him from raising the claim on direct appeal, *Reed v. Ross*, 468 U.S. 1, 16 (1984). Novelty, however, "cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).

Whitman claims that his jury instruction challenge is novel because at the time of his appeal it "was not available and was not dictated by prior precedent." App. Br. at 35-36. But "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)). There is no doubt that it was. In both *Newman* and *Martoma*, arguments on direct appeal rested on the contention that our definition of "personal benefit" was too expansive. And Whitman's trial counsel raised the same argument in district court. *See United States v. Whitman*, No. 12-cr-125, ECF No. 57. If other counsel were able to raise the argument, including Whitman's own former attorney, we cannot say the same argument was unavailable to his appellate counsel.

As a result, Whitman has not shown that his challenge is "novel," and therefore he has not shown cause to excuse his procedural default. We affirm the district court's decision on that basis, and therefore need not address the issue of "prejudice."

II. Ineffective Assistance of Counsel

Whitman also argues that his former counsel's failure to challenge the jury instruction on direct appeal constitutes ineffective assistance of counsel. A claim of ineffective assistance of counsel may be raised for the first time in a § 2255 motion "whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed with an ineffective assistance of counsel claim under § 2255 a defendant "must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[2] Although actual innocence also will allow a defendant to a raise procedurally defaulted claim, *See Schlup v. Delo*, 513 U.S. 298 (1995), Whitman has not argued in this appeal that his default should be excused on that ground.

4

proceeding would have been different." *McCoy v. United States*, 707 F.3d 184, 187 (2d Cir. 2013) (per curiam) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). On appeal, while our "scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, Whitman "may establish constitutionally inadequate performance [of appellate counsel] if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015) (internal quotation marks omitted).

Whitman argues that if we conclude the argument regarding the proper instruction for "personal benefit" was available to his counsel on appeal, then we also should find that his appellate counsel's failure to raise the argument constitutes ineffective assistance of counsel. But even if the argument was available, as we find, it was not "significant and obvious" given the long-standing prior definition of "personal benefit" at the time, and we cannot find that choosing to attack Whitman's conviction on other grounds, such as the sufficiency of the evidence, was a "clearly and significantly weaker" appellate strategy. We thus also affirm the district court's ruling on ineffective assistance of counsel.

\* \* \*

We have considered Whitman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit